Curia, per

Evans, J.
The book entries of merchants or tradesmen, when proved by the oath of the plaintiff, establish nothing more than that the goods were sold and delivered as stated in the entry, and if that be sufficient to *287 charge the defendant, no other evidence need be offered, as if the goods be charged to the defendant as delivered to himself. But if the entry itself does not prove a liability, and some additional evidence be necessary to charge the defendant, such additional evidence must be supplied by some other witness. The plaintiff is a competent witness for no other purpose than to verify his entries. Thus if the charge was that the goods were delivered to order, the order must be produced, or its loss shewn. So, also, if the charge be that the goods were delivered at the request of the defendant, to a third person, the request or direction of the defendant to charge him with the goods so delivered, must be proved by the oath of some other witness than the plaintiff. This was fully settled in the case of Deas ads. Darby, 1 N. & McC. 436. In that case the plaintiff, who was a tailor, had debited the defendant with clothes made for and delivered to his ward, Richard Gough, and the plaintiff alone was called to prove the account ; it was decided that he was not a competént witness to prove the delivery of the clothes to Gough, at the defendant’s request. fihere was, therefore, an entire failure-of proof to charge the defendant with the hay delivered to Hieronymus, by any competent witness, and by his admission that he had authorized the plaintiff to let Hieronymus have 100 bales of hay, and he would guarantee the payment, he bound himself by no legal obligation. The guarantee is not an original undertaking. It is collateral, and an undertaking to answer for the debt or default of another, which by the statute of frauds must be in writing.
A new trial, therefore, is granted.
O’Neall, Wardlaw and Frost, JJ. concurred.